IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Roger S Cameron
110 Cornell Dr
Ladson S.C 29456.

*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

**-against-**

First Citizens Bank & Trust
B Lindsay Crawford, III
ESQ; Chris J. Louden

*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

**Complaint for a Civil Case**

Case No. 2:25-CV-3727-BHH-MGB
*(to be filled in by the Clerk's Office)*

Jury Trial: ☐ Yes ☐ No
*(check one)*

2025 MAY -2 PM 2:45

**ROGER S. CAMERON**
**110 CORNELL DRIVE**
**LADSON, SC 29456**

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA CHARLESTON DIVISION

| | |
|---|---|
| ROGER S. CAMERON<br><br>Plaintiff<br><br>V.<br><br>FIRST-CITIZENS BANK & TRUST COMPANY,B. LINDSAY CRAWFORD III, ESQ; CHRIS J. LOUDEN<br><br>Defendants | CIVIL NO. 2:25-CV-3727-BHH-MGB<br><br>**COMPLAINT FOR DAMAGES, DECLARATORY AND INJUCTIVE RELIEF**<br><br>***JURY TRIAL DEMANDED** |

**INTRODUCTION**

1. This action arises from a series of unlawful and fraudulent actions undertaken by Defendants to deprive Plaintiff, Roger S. Cameron, of his property located at 110 Cornell Drive, Ladson, South Carolina. The Defendants orchestrated a foreclosure proceeding without proper service of process, filed false affidavits, and engaged in a scheme to obtain a foreclosure judgment without adhering to due process requirements mandated by the United States Constitution and South Carolina law.

2. Plaintiff seeks relief under 42 U.S.C. § 1983 for violations of his constitutional rights, as well as claims under the Real Estate Settlement Procedures Act (RESPA), the Fair Debt Collection Practices Act (FDCPA), and state law claims including fraud, abuse of process, and wrongful foreclosure.

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as the action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983, RESPA, and FDCPA.

2. Supplemental jurisdiction over state law claims is conferred by 28 U.S.C. § 1367.

3. Venue is proper in this district under 28 U.S.C. § 1391(b), as the events giving rise to the claims occurred in Berkeley County, South Carolina.

**PARTIES**

1. **Plaintiff**, Roger S. Cameron, is a resident of Berkeley County, South Carolina, and the owner of the property at 110 Cornell Drive, Ladson, South Carolina.

2. **Defendant**, First-Citizens Bank & Trust Company, is a financial institution conducting business in South Carolina.

3. **Defendant**, B. Lindsay Crawford III, Esq., is an attorney licensed in South Carolina and a partner at Crawford & von Keller, LLC.

4. **Defendant**, Chris J. Louden, is the Special Referee for Berkeley County, South Carolina, and is sued in his official capacity.

5. Defendants Does 1–10 are individuals or entities whose identities are currently unknown but who participated in the wrongful conduct described herein.

**FACTUAL ALLEGATIONS**

1. On or about July 3, 2024, First-Citizens Bank & Trust Company initiated a foreclosure action against Plaintiff in the Court of Common Pleas for Berkeley County, Case No. 2024CP0801835.

2. Plaintiff was never served with the summons and complaint in the foreclosure action, as required by South Carolina Rules of Civil Procedure.

3. Despite the lack of service, the court proceeded with the foreclosure action, and a default judgment was entered against Plaintiff without his knowledge.

4. Defendants filed affidavits falsely claiming that Plaintiff had been served with various documents, including a Notice of Default and Right to Cure, and a Notice of Hearing.

5. These affidavits were backdated and notarized improperly, lacking proper acknowledgments, in violation of South Carolina Notary Public laws.

6. Defendant, Samantha Davis, an alleged employee of First-Citizens Bank, submitted an affidavit under penalty of perjury stating that a Lis Pendens was filed in the county records, which was false.

7. The court appointed Defendant, Chris J. Louden, as Special Referee without proper justification or Plaintiff's knowledge.

8. Defendant Louden conducted proceedings and entered a foreclosure judgment, despite the lack of proper service and the pending loan modification application submitted by Plaintiff.

9. The foreclosure sale proceeded, and a foreclosure deed was recorded, transferring Plaintiff's property without due process.

10. During the course of the foreclosure action, Plaintiff discovered that an unauthorized individual contacted Plaintiff's second mortgage company pretending to be Plaintiff's deceased mother and requested a payoff demand for the second mortgage.

11. Upon information and belief, this unauthorized payoff demand was used by Defendants to attempt to satisfy or extinguish the second mortgage without Plaintiff's consent, knowledge, or authorization, thereby impairing Plaintiff's property rights and financial interests.

12. The amount of approximately $28,795 was paid toward the second mortgage, but this payment was orchestrated without Plaintiff's consent and by way of fraudulent impersonation.

13. Plaintiff later confirmed with his mortgage company that he had never authorized any third party to request such a payoff, and that the impersonation was not only unauthorized but also illegal, constituting potential identity theft and fraud.

14. The payoff demand form and subsequent payoff receipt were later attached by Defendants as exhibits in the foreclosure case, falsely implying that Plaintiff was aware of and participated in satisfying the second mortgage, when in fact the transaction was completed through fraudulent means.

15. This misconduct further supports Plaintiff's allegations of fraud upon the court, due process violations, abuse of process, and deceptive debt collection practices under federal and South Carolina law.

**CLAIMS FOR RELIEF**

**Count I: Violation of Due Process (42 U.S.C. § 1983)**

1. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

2. Defendants, acting under color of state law, deprived Plaintiff of his property without due process of law, in violation of the Fourteenth Amendment.

3. The lack of proper service, false affidavits, and unauthorized actions by the Special Referee constitute a violation of Plaintiff's constitutional rights.

**Count II: Fraud Upon the Court**

1. Defendants submitted false affidavits and misrepresented material facts to the court, constituting fraud upon the court.

2. Such actions undermine the integrity of the judicial process and warrant the setting aside of the foreclosure judgment.

**Count III: Violation of RESPA (12 U.S.C. § 2605)**

1. Defendants failed to comply with RESPA requirements by proceeding with foreclosure while Plaintiff's loan modification application was pending, a practice known as "dual tracking."

2. This conduct violates federal regulations designed to protect homeowners from wrongful foreclosure.

3. Defendants' unlawful request and payment of the second mortgage payoff during an active loan modification process further demonstrates their bad faith and constitutes additional evidence of dual tracking in violation of federal loss mitigation rules.

**Count IV: Violation of FDCPA (15 U.S.C. § 1692)**

1. Defendants, as debt collectors, engaged in deceptive and unfair practices by misrepresenting the status of the debt and the foreclosure process.

2. Such conduct violates the FDCPA's prohibitions against false and misleading

3. Defendants further violated the FDCPA by impersonating Plaintiff's deceased mother to obtain financial information and payoff statements, thereby engaging in deceptive, unfair, and unconscionable means to collect a debt and foreclose upon Plaintiff's home.

**Count V: Fraud**

1. Defendants knowingly made false statements and submitted fraudulent documents to facilitate the foreclosure, causing harm to Plaintiff.

2. Defendants utilized a fraudulent payoff demand obtained by impersonating Plaintiff's deceased mother, thereby misleading the court and concealing material facts necessary for a fair and just adjudication.

3. Defendants' use of backdated affidavits, false service returns, and fraudulent payoff documents constitutes willful and malicious fraud intended to deprive Plaintiff of his property.

**Count VI: Abuse of Process**

1. Defendants misused legal procedures to achieve an unlawful goal, namely, the wrongful foreclosure of Plaintiff's property.

**Count VII: Wrongful Foreclosure**

1. Defendants conducted a foreclosure without adhering to legal requirements, including proper service and notice, resulting in the unlawful taking of Plaintiff's property.

- **Key Cases relevant to Complaint:**

**Due Process & Void Judgments**

- **Peralta v. Heights Medical Center, Inc., 485 U.S. 80 (1988):** The Supreme Court held that a default judgment entered without proper service of process violates the Due Process Clause, rendering the judgment void. In the present case, Plaintiff was never served with the summons and complaint in the foreclosure action, as required by South Carolina Rules of Civil Procedure. Consequently, the foreclosure judgment entered against Plaintiff is constitutionally invalid and must be vacated.

- **Grannis v. Ordean, 234 U.S. 385 (1914)**: The Court emphasized that due process requires notice and an opportunity to be heard before depriving someone of property. Here, Defendants proceeded with foreclosure without providing Plaintiff with proper notice, thereby violating his constitutional rights and rendering the foreclosure proceedings void.

- **Mennonite Board of Missions v. Adams, 462 U.S. 791 (1983):** The Court held that a mortgagee must receive notice reasonably calculated to apprise them of a foreclosure proceeding. Defendants failed to provide such notice to Plaintiff, undermining the validity of the foreclosure action and violating due process requirements.

· **United Student Aid Funds v. Espinosa, 559 U.S. 260 (2010):** The Supreme Court determined that a judgment entered without proper service is voidable, emphasizing the importance of due process. Given that Plaintiff was not properly served, the foreclosure judgment is voidable and should be set aside.

· **Dusenberry v. United States, 534 U.S. 161 (2002):** The Court clarified that due process requires notice reasonably calculated to inform interested parties of legal actions affecting their rights. Defendants' failure to provide such notice to Plaintiff in the foreclosure action constitutes a due process violation.

· **Tulsa Professional Collection Services v. Pope, 485 U.S. 478 (1988):** The Court held that known creditors must receive actual notice before their claims are barred. Plaintiff, as the property owner and a known party, did not receive actual notice of the foreclosure proceedings, rendering the judgment void.

· **Moore v. Simpson, 322 S.C. 518, 473 S.E.2d 64 (1996):** The South Carolina Supreme Court emphasized the necessity of proper service for jurisdiction. Defendants' failure to properly serve Plaintiff deprived the court of jurisdiction, invalidating the foreclosure judgment.

· **Hutchinson v. Hahn, 249 S.C. 72, 152 S.E.2d 501 (1967):** The Court reiterated that judgments entered without proper service are void. As Plaintiff was not properly served, the foreclosure judgment against him is void and unenforceable.

· **Griggs v. Stoker, 293 S.C. 116, 359 S.E.2d 112 (Ct. App. 1987):** The Court held that failure to serve a party properly renders subsequent judgments unenforceable. Defendants' improper service on Plaintiff renders the foreclosure judgment unenforceable.

· **Fraud Upon the Court & Forgery**

· **Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944):** The Supreme Court set aside a judgment obtained through fraudulent means, emphasizing the court's duty to prevent fraud. Defendants submitted false affidavits and misrepresented material facts to the court, constituting fraud upon the court and warranting the setting aside of the foreclosure judgment.

- **United States v. Throckmorton, 98 U.S. 61 (1878):** The Court established that judgments obtained by fraud can be set aside, distinguishing between intrinsic and extrinsic fraud. Defendants' actions constitute extrinsic fraud, justifying the vacating of the foreclosure judgment.
- **King v. King, 291 S.C. 495, 354 S.E.2d 564 (Ct. App. 1987):** The Court recognized that fraud upon the court justifies setting aside a judgment. Defendants' submission of false affidavits and misrepresentations to the court constitutes such fraud, necessitating relief.
- **Anderson v. Anderson, 299 S.C. 110, 382 S.E.2d 897 (1989):** The Court held that judgments procured by fraud are void and can be challenged at any time. Plaintiff's challenge to the foreclosure judgment is timely and warranted due to Defendants' fraudulent conduct.
- **Hussung v. Hussung, 389 S.C. 215, 697 S.E.2d 66 (2010):** The Court emphasized that fraud affecting the integrity of the judicial process warrants relief. Defendants' fraudulent actions compromised the integrity of the foreclosure proceedings, justifying the setting aside of the judgment.
- **Ferguson v. Holborn, 307 S.C. 458, 415 S.E.2d 5 (1992):** The Court recognized that fraud upon the court undermines the judicial process and justifies setting aside judgments. Defendants' fraudulent conduct in the foreclosure action necessitates such relief.
- **Notary & Recording Fraud**
- **S.C. Code § 26-1-90:** Outlines the duties and prohibitions for notaries public in South Carolina, including prohibitions against notarizing incomplete documents. Defendants' improper notarization of foreclosure documents violates this statute, rendering the documents invalid.
- **S.C. Code § 30-9-30:** Specifies requirements for recording instruments affecting real property. Defendants' failure to comply with these requirements in recording the foreclosure deed invalidates the recording.
- **S.C. Code § 16-13-10:** Defines forgery and its penalties under South Carolina law. Defendants' submission of forged documents in the foreclosure process constitutes a felony under this statute.

- **Buchanan v. Buchanan,** 74 S.C. 215, 54 S.E. 367 (1906): The Court recognized that fraudulent documents affecting property rights can be challenged and set aside. Plaintiff is entitled to challenge and nullify the fraudulent foreclosure documents.

- **Dual Tracking / Loan Modification Fraud**

- **Wigod v. Wells Fargo Bank, N.A., 673 F.3d 547 (7th Cir. 2012):** The Court held that borrowers could sue lenders for failing to offer permanent loan modifications after trial periods under HAMP. Defendants proceeded with foreclosure while Plaintiff's loan modification application was pending, violating federal guidelines and Plaintiff's rights.

- **Corvello v. Wells Fargo Bank, 728 F.3d 878 (9th Cir. 2013):** The Court determined that lenders must offer permanent modifications if borrowers comply with trial period plans. Plaintiff complied with the trial period plan, yet Defendants failed to offer a permanent modification and proceeded with foreclosure, constituting a breach of duty.

- **Baldwin v. Credit Based Asset Servicing, 516 F.3d 734 (8th Cir. 2008):** The Court addressed issues related to loan servicing and the obligations of servicers under federal law. Defendants' actions in servicing Plaintiff's loan and proceeding with foreclosure violated these obligations.

- **Conspiracy / Misuse of Process**

- **Dennis v. Sparks, 449 U.S. 24 (1980):** The Court held that private individuals who conspire with judges to violate constitutional rights can be held liable under § 1983. Defendants conspired with the Special Referee to deprive Plaintiff of his property without due process, rendering them liable under § 1983.

- **Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007):** The Court established the standard for pleading conspiracy claims, requiring plausible allegations. Plaintiff's complaint meets this standard by alleging specific facts demonstrating Defendants' conspiracy to wrongfully foreclose on his property.

- **Snell v. Tunnell, 920 F.2d 673 (10th Cir. 1990):** The Court held that officials who conspire to violate constitutional rights can be held liable. Defendants' coordinated actions to deprive Plaintiff of his property rights constitute such a conspiracy.

- **Miscellaneous** — Injunctive Relief, Standing, Fraudulent Practices
- **Ex parte Levitt, 302 U.S. 633 (1937):** The Court denied standing to a citizen challenging a judicial appointment, emphasizing the need for a direct, personal stake in the outcome. Plaintiff, as the directly affected property owner, has standing to challenge the foreclosure proceedings.
- **Friends of the Earth v. Laidlaw Environmental Services, 528 U.S. 167 (2000):** The Court held that plaintiffs had standing to sue for environmental violations, even if the immediate harm had ceased, due to ongoing concerns. Plaintiff continues to suffer harm from the wrongful foreclosure, justifying injunctive relief.
- **Jones v. Flowers, 547 U.S. 220 (2006):** The Court ruled that when a mailed notice of tax sale is returned unclaimed, the state must take additional reasonable steps to notify the property owner. Defendants failed to take such steps to notify Plaintiff of the foreclosure, violating due process.
- **Due Process & Void Judgments**
- **Lindsey v. Normet, 405 U.S. 56 (1972):** The Supreme Court emphasized that due process requires fair procedures before depriving individuals of their homes. In this case, the Court scrutinized Oregon's eviction procedures, highlighting the necessity of procedural fairness in actions affecting property rights. Similarly, Defendants in the present case proceeded with foreclosure without providing Plaintiff with proper notice or an opportunity to be heard, thereby violating due process protections. Justia Law
- **Klapprott v. United States, 335 U.S. 601 (1949):** The Court held that default judgments entered without affording the defendant an opportunity to be heard violate due process and can be set aside. Here, Plaintiff was deprived of his property through a foreclosure judgment entered without proper service or notice, warranting the judgment's vacatur under due process principles.
- **S.E.C. v. Ross, 504 F.3d 1130 (9th Cir. 2007):** The Ninth Circuit held that a court lacks personal jurisdiction over a defendant if service of process is improper, rendering any judgment void. In the current matter, Defendants failed to properly serve Plaintiff, thereby depriving the court of personal jurisdiction and rendering the foreclosure judgment void. CaseMine
- **Notary Misconduct / Lack of Acknowledgment**

- **Cummings v. South Carolina Department of Corrections, 302 S.C. 300 (1990):** The South Carolina Supreme Court recognized that improper notarization of documents can invalidate legal proceedings. Defendants in this case submitted affidavits with improper notarizations, undermining the legitimacy of the foreclosure process and violating statutory requirements.
- **Martin v. Auto-Owners Insurance Co., 326 S.C. 200 (1997):** The Court held that documents lacking proper acknowledgment are invalid. Defendants' submission of such documents in the foreclosure action against Plaintiff renders the proceedings void and unenforceable.
- **Matter of Cantrell, 302 S.C. 583 (1990)**: The Court disciplined a notary public for misconduct, emphasizing the importance of adherence to notarial duties. Defendants' actions in this case, involving improper notarization of critical documents, constitute similar misconduct warranting judicial scrutiny.
- **Bar Complaints & Ethics**
- **South Carolina Rules of Professional Conduct – Rule 3.3**: Mandates that lawyers must not knowingly make false statements to a tribunal or fail to correct false statements of material fact. Defendants' counsel submitted false affidavits during the foreclosure proceedings, violating this ethical obligation.
- **Rule 4.1**: Prohibits lawyers from making false statements of material fact or law to third persons. Defendants' attorneys misrepresented facts to facilitate the foreclosure, breaching this rule.
- **Rule 8.4:** Defines professional misconduct for lawyers, including conduct involving dishonesty, fraud, deceit, or misrepresentation. The attorneys' actions during the foreclosure process constitute professional misconduct under this rule.

**5. PRAYER FOR RELIEF**

**1. Compensatory Damages**

In an amount to be proven at trial, but not less than **$250,000,** for the following:

- Emotional distress and mental anguish caused by the illegal foreclosure;
- Loss of peaceful enjoyment and security of his home;
- Harm to his creditworthiness and financial standing;
- Out-of-pocket expenses incurred to investigate and attempt to stop the foreclosure;

- Costs associated with retaining a mortgage forensic auditor and responding to the foreclosure.

*See, e.g.*, Linza v. PHH Mortgage Corp., $158,000 compensatory damages for wrongful loan modification handling.

*See also*, Saccameno v. Ocwen, $582,000 in damages for emotional distress and improper foreclosure conduct.

**2. Punitive Damages**

In an amount sufficient to punish and deter Defendants' conduct, but no less than **$1,000,000**, based on:

- Fraud upon the court through knowingly false affidavits and concealment of documents;
- Violation of federal and constitutional due process rights;
- Willful failure to serve process and filing of forged or backdated affidavits;
- Proceeding with foreclosure during an active loan modification review;
- Misuse of judicial process by obtaining a payoff statement through impersonation of Plaintiff's deceased mother.

*See*, Wells Fargo Stay Violation Case, $45 million punitive damages for violating court orders.

*See also*, East West Bank Case, $22 million punitive for deceptive foreclosure.

*And*, Jones v. Wells Fargo, $3.1 million punitive for misconduct in handling payments.

**3. Equitable Relief**

- An order voiding and rescinding the foreclosure judgment and foreclosure deed;
- Expungement of all foreclosure-related filings from the county recorder's office;
- Permanent injunction barring any further attempts to collect, foreclose, or enforce documents tied to the fraudulent foreclosure.

**4. Statutory Damages, Attorney's Fees, and Costs**

Pursuant to RESPA (12 U.S.C. § 2605) and FDCPA (15 U.S.C. § 1692k), Plaintiff seeks:

Statutory damages up to $2,000 per violation;

Reasonable attorney's fees (42 U.S.C. § 1988);

All court costs and expenses incurred in bringing this action.

5. Any Other Relief the Court Deems Just and Proper.

- Any such other legal or equitable relief this Court deems just and proper in light of the serious violations described above.

**EXHIBITS TO VERIFIED COMPLAINT**

Exhibit A – Letter from First-Citizens Bank (Loan Modification Confirmation, Dated 2/21/2025)

Exhibit B – Unauthorized Payoff Demand Submitted in Foreclosure Case

Exhibit C – Proof of No Lis Pendens Recorded

Exhibit D - Motion for Special Referee

Exhibit E - Unauthorized Payoff demand and payoff demand filed in by Defendants

Exhibit F - Fraudulent Affidavits

Exhibit G - Recorded Document of Foreclosure Deed

Exhibit H - Recorded Document claiming Special Referee is Beneficiary note holder

Exhibit I - Proof of Service rendered

Exhibit J - Affidavits confirming no complaint and summons ever served

Exhibit K - Service Back dated by Defendant

**Respectfully submitted,

Roger Cameron 4-30-25

**ROGER S. CAMERON DATE**

110 Cornell Dr
Ladson S.C 29456
843 - 860 - 5231

**I. The Parties to This Complaint**

**A. The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Mr Roger S Cameron<br>First Citizens Bank & Trust |
| Street Address | 110 Cornell Dr |
| City and County | Ladson |
| State and Zip Code | S. C 29456 |
| Telephone Number | 843 860 5231 |

**B. The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known). Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | First Citizens Bank & Trust |
| Job or Title (if known) | |
| Street Address | 239 Fayetteville Street |
| City and County | Raleigh |
| State and Zip Code | N.C 27601 |
| Telephone Number | |

Defendant No. 2

| | |
|---|---|
| Name | B. Lindsay Crawford III, |
| Job or Title (if known) | ESQ |
| Street Address | 1017 Ashes Drive Suite 06 |
| City and County | Wilmington |
| State and Zip Code | N. C 28405 |
| Telephone Number | |

Defendant No. 3

| | |
|---|---|
| Name | ESQ; Chris J. Louden |

Job or Title (if known) ______

Street Address 295 N. Highway 52

City and County Moncks Corner

State and Zip Code S.C 29461

Telephone Number ______

Defendant No. 4

Name ______

Job or Title (if known) ______

Street Address ______

City and County ______

State and Zip Code ______

Telephone Number ______

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☑ Federal question ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

28 USC 1331, 1343, 1367, 42 USC 1983, 12 USC 2605 'RESPA' VIOLATIONS, 15 USC 1692 'FDCPA VIOLATIONS

**B. If the Basis for Jurisdiction Is Diversity of Citizenship**

1. The Plaintiff(s)

a. If the plaintiff is an individual

The plaintiff, *(name)* ______________________, is a citizen of the State of *(name)* ______________________.

b. If the plaintiff is a corporation

The plaintiff, *(name)* ______________________, is incorporated under the laws of the State of *(name)* ______________________, and has its principal place of business in the State of *(name)* ______________________.

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

a. If the defendant is an individual

The defendant, *(name)* ______________________, is a citizen of the State of *(name)* ______________________. *Or* is a citizen of *(foreign nation)* ______________________.

b. If the defendant is a corporation

The defendant, *(name)* ______________________, is incorporated under the laws of the State of *(name)* ______________________, and has its principal place of business in the State of *(name)* ______________________. *Or* is incorporated under the laws of *(foreign nation)* ______________________, and has its principal place of business in *(name)* ______________________.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3. The Amount in Controversy

The amount in controversy—the amount the plaintiff claims the defendant owes or the amount at stake—is more than $75,000, not counting interest and costs of court, because *(explain)*:

$ 1,257,000

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: May 1, 2025

Signature of Plaintiff Roger S Cameron

Printed Name of Plaintiff ROGER S CAMERON

### B. For Attorneys

Date of signing: __________, 20__.

Signature of Attorney ____________________

Printed Name of Attorney ____________________

Bar Number ____________________

Name of Law Firm ____________________

Address ____________________

Telephone Number ____________________

E-mail Address ____________________