UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

Roger S. Cameron,                               )
                                                )
                                    Plaintiff,  )
                                                )        Civil Action No. 2:25-cv-03727-BHH
                            v.                  )
                                                )                  **Order**
First Citizens Bank & Trust Company;            )
B. Lindsay Crawford, III, Esq.; and             )
Special Referee Chris J. Louden,                )
                                                )
                                   Defendants.   )
_____                 )

This matter is before the Court upon *pro se* and *in forma pauperis* Plaintiff Roger Cameron's ("Plaintiff") complaint against Defendants, challenging the foreclosure of his home in Berkely County, South Carolina pursuant to 42 U.S.C. § 1983, the Real Estate Settlement Procedures Act ("RESPA"); the Fair Debt Collection Practices Act ("FDCPA"); and South Carolina law. (ECF No. 1.) Specifically, Plaintiff claims that Defendants violated his due process rights under 42 U.S.C. § 1983; engaged in "dual tracking" by proceeding with the foreclosure despite Plaintiff's request for a loan modification in violation of RESPA; used "deceptive and unfair practices" under the FDCPA by "impersonating Plaintiff's deceased mother to obtain financial information and payoff statements;" and committed various state law violations, including fraud, fraud upon the court, abuse of process, and wrongful foreclosure. (*Id.* at 4–6.) In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Mary Gordon Baker for pretrial proceedings.

On September 19, 2025, Magistrate Judge Baker issued a Report and Recommendation ("Report"), recommending that the action be dismissed without issuance and service of process and without leave to amend and that Plaintiff's state court proceedings be remanded[1] to the Berkeley County Court of Common Pleas. (ECF No. 11.) The Report states that Plaintiff's complaint "essentially renew[s] the same arguments" Plaintiff raised in the state foreclosure action – "that Defendants 'engaged in a scheme to obtain a foreclosure judgment' in violation of various state and federal laws." (*Id.* at 5 (quoting ECF No. 1 at 2).) As an initial matter, the Report finds that Plaintiff's purported removal of the state action is "procedurally flawed" and that the court "lacks subject matter jurisdiction over the state foreclosure proceedings in the first instance," warranting remand. (*Id.* at 8-10.) The Report further finds that the *Rooker-Feldman* doctrine[2] bars this Court's review of Plaintiff's state foreclosure proceedings, compelling dismissal of Plaintiff's complaint. (*Id*. at 10-13.)

## Standard of Review

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber,* 423 U.S. 261, 270-71 (1976). This Court is charged

---

[1] In filing the Complaint, Plaintiff also attached a "Notice of Removal" and various state court filings purporting to remove First Citizens Bank's state foreclosure matter to federal court as part of the instant action. (ECF No. 1-1.) Plaintiff bases this alleged "removal" on 28 U.S.C. § 1331, alleging that "[t]his case implicates violations of [federal law]," including the Due Process Clause, RESPA, and the FDCPA. (*Id.* at 2.)

[2] Under the *Rooker-Feldman* doctrine, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983), a party losing in state court is barred "from seeking what in substance would be appellate review of the state judgment in a United States district court." *Am. Reliable Ins. Co. v. Stillwell*, 336 F.3d 311, 316 (4th Cir. 2003) (citing *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994)); *see also Washington v. Wilmore*, 407 F.3d 274, 279 (4th Cir. 2005) (explaining that the doctrine "preserves federalism by ensuring respect for the finality of state court judgments" and "preserves the separation of powers by ensuring that . . . review of state court judgments is conducted only by the United States Supreme Court").

with making a *de novo* determination of those portions of the Report to which a specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## Discussion

The Report sets forth in detail the relevant background and the standard of review, and no party objects to these portions of the Report. The Court finds no clear error in these portions of the Report and incorporates these portions without recitation.

Plaintiff's first objection is to the Magistrate Judge's finding that the instant matter is subject to summary dismissal for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine. (ECF No. 13 at 1-3.) Plaintiff states that his claims of fraud and dual-tracking under RESPA are "independent injuries caused by Defendants' conduct, not by the state judgment itself." (*Id.* at 2.) Plaintiff further states that the *Rooker-Feldman* doctrine does not bar his claims because "[t]he FDCPA and RESPA create private rights of action independent of any foreclosure." (*Id.* at 3.)

After *de novo* review, the Court finds no merit to Plaintiff's objection based on applicable law, as outlined in the Report. (*See* ECF No. 11); *see, e.g., McNeill v. North*

3

*Carolina*, No. 5:23-cv-3-FL, 2023 WL 3956802, at *3 (E.D.N.C. June 12, 2023) (finding that *Rooker-Feldman* doctrine barred claims of forgery, misrepresentation, and fraud under the Due Process Clause and FDCPA in relation to foreclosure sale because consideration of those claims would require the court to "review and reject or affirm decisions made in the foreclosure proceeding in state court"); *Davis v. Freedom Mortg. Corp.*, No. 1:22-cv-342-ADC, 2022 WL 2835705, at *4 (D. Md. July 20, 2022) (applying *Rooker-Feldman* to claims that relied "on the premise that the underlying foreclosure sale and award of possession were improper," including allegations of false documents, false claims to the state court, and "dual-tracking" in violation of RESPA); *Wilkie v. Nationstar Mortg. LLC*, No. 1:19-cv-52-MR-WCM, 2019 WL 5021277, at *5 (W.D.N.C. Oct. 8, 2019), aff'd, 801 F. App'x 145 (4th Cir. 2020) (finding that, "[w]hile couched in terms of claims for fraud" and "dual tracking," plaintiff's complaint was "an attempt to challenge the validity of the foreclosure proceedings initiated against him and the judgment entered therein," and was therefore barred under *Rooker-Feldman*); *Sluder v. Nationstar Mortg., LLC*, No. 4:16-cv-3199-BHH-TER, 2017 WL 3530521, at *3 (D.S.C. July 25, 2017) (explaining that "[a]ny claim regarding the loss mitigation process under RESPA regarding Defendants' alleged continuation of the foreclosure action while [plaintiff's] loan modification application was pending would require review of the state foreclosure judgment" and was therefore barred under *Rooker-Feldman*), *adopted*, 2017 WL 3500349 (D.S.C. Aug. 15, 2017). The Court agrees with the sound reasoning of the Magistrate Judge and holds that Plaintiff's claims are barred by this doctrine and are, therefore, subject to dismissal for lack of subject matter jurisdiction.

4

Plaintiff's remaining objections have no impact on the Report's *Rooker-Feldman* analysis and ultimate recommendation. (ECF No. 13 at 4.) As such, the Court overrules these objections.

In sum, after *de novo* review, the Court finds no error in the Report and finds no merit to Plaintiff's objections.

## Conclusion

Based on the foregoing, the Court **adopts and specifically incorporates herein** the Magistrate Judge's Report (ECF No. 11); **overrules** Plaintiff's objections (ECF No. 13); **dismisses this action** without issuance and service of process and without leave to amend; and **remands** Plaintiff's state court proceedings to the Berkeley County Court of Common Pleas.

**IT IS SO ORDERED.**

/s/ *Bruce Howe Hendricks*
United States District Judge

April 28, 2026
Charleston, South Carolina